IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CV-00204-M

| | | |
|---|---|---|
| KIMARO RAGLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NC DIVISION OF | ) | |
| EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the memorandum and recommendation (the "Recommendation") entered by Magistrate Judge Robert B Jones, Jr. in this case on May 21, 2024 [DE 10]. In the Recommendation, Judge Jones recommends that Plaintiff's application to proceed in forma pauperis be allowed and that the Complaint be dismissed. DE 10 at 5. Plaintiff timely objected to the Recommendation. DE 11.

A magistrate judge's recommendation carries no presumptive weight. The court "may accept, reject, or modify, in whole or in part, the . . . recommendation[ ] . . . receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord Mathews v. Weber*, 423 U.S. 261, 271 (1976). The court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1). Absent a specific and timely objection, the court reviews only for "clear error" and need not give any explanation for adopting the recommendation. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff and Defendant are engaged in litigation in the North Carolina state courts. *See*

DE 10 at 3. The crux of Plaintiff's Complaint is his contention that a prefiling injunction (which forbids his filing of any document that does not bear the signature of a duly licensed attorney) entered in the state court litigation violates his constitutional "right to self-represent in NC courts." DE 1 at 5. Plaintiff is indigent, so he also alleges that the state court injunction violates the 8th Amendment's prohibition on cruel and unusual punishment. *Id.* at 3.

After liberal construction of Plaintiff's Objection, the court has identified two specific objections to the Recommendation. First, consistent with the allegations in the Complaint, Plaintiff repeats that his "6th amendment of self-representation is applicable to civil matters as well as criminal contrary to what is stated in the [Recommendation]." DE 11 at 4. He also reiterates that the prefiling injunction "constitutes cruel and unusual circumstances." *Id.*

Neither contention is correct. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI. This language "implies a right of self-representation" in criminal prosecutions, *Faretta v. California*, 422 U.S. 806, 821 (1975), but this "right to self-representation does not extend beyond a defendant's criminal trial," *Moise v. Maryland*, 858 F. App'x 108 (4th Cir. 2021), and certainly "does not govern civil cases," *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Because "Plaintiff has identified no federally guaranteed right to counsel or self-representation in civil cases," his first objection to the Recommendation is overruled. *Assa'ad-Faltas v. McMaster*, No. 3:20-CV-1809, 2020 WL 7481739, at *8 (D.S.C. May 26, 2020), *recommendation adopted*, No. 3:20-CV-01809, 2020 WL 7425868 (D.S.C. Dec. 18, 2020), *aff'd*, 853 F. App'x 851 (4th Cir. 2021).

Plaintiff next repeats his argument that the prefiling injunction violates the Eighth Amendment. DE 11 at 4. But the Supreme Court just recently reemphasized that "[t]he Cruel and

2

Unusual Punishments Clause focuses on the question [of] what method or kind of punishment a government may impose after a criminal conviction." *City of Grants Pass, Oregon v. Johnson*, __ S. Ct. __, __, 2024 WL 3208072, at *11 (U.S. June 28, 2024) (internal quotation marks omitted). Plaintiff was not subjected to the prefiling injunction as a consequence of a criminal conviction, and the Cruel and Unusual Punishments Clause has no bearing on "antecedent questions," *id.* at *12, such as litigation conduct a court may proscribe in the first instance. Plaintiff's second objection to the Recommendation is therefore overruled.

Plaintiff did not make any other specific objections to the remaining analysis in the Recommendation. The court has reviewed that analysis for clear error, and finds none. *See Diamond*, 416 F.3d at 315. The court thus adopts the Recommendation [DE 10] in full. Plaintiff's application to proceed in forma pauperis [DE 2] is granted and the Complaint [DE 1] is dismissed. The Clerk of Court is directed to close this case.

SO ORDERED this 9th day of July, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3